FRANCIS SMITH'S EXR. v. HOWARD JONES.

May Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 23, 1912.

*Deeds — Construction — "Reservation" — "Exception" — Easement in Fee—Creation by Reservation—Necessity of Words of Inheritance.*

The terms "reservation" and "exception" are often used in deeds as synonymous when the thing secured to the grantor is a part of the granted premises, and, when so used, they are to be construed accordingly; but technically an "exception" is something withheld from the grant which otherwise would pass as a part of it, while a "reservation" is some newly created right that the grantee impliedly conveys to the grantor, and that technical meaning of the term "reservation" is inconsistent with its natural meaning, which is to keep in reserve, to retain, to keep back.

Where a deed of land contained the clause: "Reserving the right at reasonable times and in a reasonable way to cross said land below the road to my wood lot," if there had been an existing road across the granted land to the adjoining wood lot, the quoted clause, though without words of inheritance, could be construed as an exception, and thus accomplish the retention of a right of way in fee.

Though at common law an easement in fee cannot be created by way of reservation without words of inheritance, still terms of reservation may be construed as constituting an exception when that is necessary to effectuate the intention of the parties, which, if ascertainable from the subject of the grant and the surrounding circumstances, controls.

A deed of a part of a tract of land owned by the grantor which reserves, without words of inheritance, the right at reasonable times and in a reasonable way to cross the tract conveyed to the land retained reserves a right of way in fee, where there is nothing to indicate that the grantor had any personal interest in securing the right of way, distinct from his interest as owner of the land retained,

and his interest as such owner required that he secure a right of way available after his death.

CASE for obstructing a private way. Plea, the general issue. Trial by court on an agreed statement of facts at the September Term, 1911, Franklin County, *Waterman,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*D. W. Steele* for the defendant.

*E. A. Ayers* for the plaintiff.

MUNSON, J.   The plaintiff sues as executor of Francis Smith to recover damages for the obstruction of a private way which crosses the defendant's land, called the Pratt farm, to a wood lot immediately adjoining, which belongs to Smith's estate and is in the possession of the executor.   In 1867 Smith, then the owner of both parcels, conveyed the farm to a grantor of the defendant by a deed which contained the following clause: "Reserving the right at reasonable times and in a reasonable way to cross said land below the road to my wood lot."   There is no similar clause in the succeeding deeds, but each of these contains a reference to the deed immediately preceding.   Since the conveyance of Francis Smith the owners of the wood lot have had no other means of reaching it than the claimed right of way.   The parties submit the question whether this easement ceased with the life of Francis Smith, or inures to the benefit of his heirs and estate.

There is nothing in the agreed statement to show that at the date of the Francis Smith deed there was a defined and visible way across the grantor's farm to his wood lot.   So the way mentioned in the deed must be taken to be a new way, not in being previous to the execution of the deed.   If there had been an existing road, the provision in question could be construed as an exception, and thus accomplish a retention of a right of way. *Dee* v. *King,* 77 Vt. 230, 59 Atl. 839, 68 L. R. A. 860.   The terms "reservation" and "exception" are often used as synonymous when the thing to be secured to the grantor is a part of the granted premises, and when so used they are to be construed accordingly.   2 Wash. Real Prop. *645.   If given their technical

meaning, an exception is something withheld from a grant which otherwise would pass as a part of it, while a reservation is some newly created right which the grantee impliedly conveys to the grantor. *Ashcroft* v. *Eastern R. R. Co.*, 126 Mass. 196, 30 Am. Rep. 672; *Bailey* v. *Agawam Nat. Bank*, 190 Mass. 20, 76 N. E. 449, 3 L. R. A. (N. S.) 98, 112 Am. St. Rep. 296. The extreme technicality of the latter conception is apparent. It would be easier and nearer the truth to say that a reservation is an interest which the grantor creates and excepts or reserves from his grant. Then the interest classed as a reservation would remain in the grantor, and an easement in fee would arise without the use of the word "heirs."

It is still the rule of the common law that an easement in fee cannot be created by way of a reservation without words of inheritance. But it has been held that terms of reservation may be construed as constituting an exception when this is necessary to effectuate the purpose of the parties. It seems to be considered that the parties may use the term in a sense different from its technical meaning, and that their intent, if ascertainable from the subject of the grant and the surrounding circumstances, should control rather than the legal implication. The primary and natural meaning of the word is inconsistent with the effect given it in the law of this subject. To reserve is to keep in reserve, to retain, to keep back, not to deliver or make over. Its meaning in law, as given by Webster's New International, is "to withhold from the operation of a grant or agreement." Unless saved by the rule of construction above stated, this inconsistent technical meaning of a word in common use and a forced implication therefrom will determine whether an easement, essential to the use and value of an estate, shall end with the life of the then owner or go with the estate in perpetuity.

After Smith conveyed the Pratt farm his wood lot was entirely surrounded by the lands of others. There is nothing to indicate that he had any personal interest in securing a right of way distinct from his interest as owner of the lot. His interest as owner required that he secure a right of way available after his death. The value of the lot to Smith as its then owner, irrespective of use, depended upon the perpetuity of the means of reaching it. In ordinary circumstances there is no ground for supposing that a grantor intends to limit a right of this

nature to the uncertain period of his life, and thereby materially lessen the value of his land as property in the market or as an asset of his estate. The purpose of reserving a right of way to that part of the property retained by the grantor is manifest to the grantee, even though there is no definite and visible way impressed upon the soil; and the purpose is one that points directly to an intention on the part of the grantor to reserve a right coextensive in duration with his estate in the land. The purpose and understanding of the parties in creating an easement of this nature are so nearly universal, that those using terms of reservation may properly be held to have intended an easement in fee, when there are no circumstances or restrictive words indicating a contrary intention.

*Judgment affirmed.*