# Robert Blundon v. Town of Stamford and Zoning Board of Adjustment

[576 A.2d 437]

No. 89-108

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed April 27, 1990

*John M. Ruggiero* of *Abell, Kenlan, Schwiebert & Hall*, Rutland, for Plaintiff-Appellee.

*J. Garvan Murtha* and *Gwendolyn W. Harris*, Law Clerk (On the Brief), Brattleboro, for Defendant-Appellant.

**Dooley, J.** Defendants, Town of Stamford (town) and Town of Stamford Zoning Board of Adjustment (board), appeal the decision of the superior court reversing the board's decision that denied plaintiff, Robert Blundon, a conditional use permit. We reverse and reinstate the board's decision.

The facts were stipulated by the parties as follows. Plaintiff owns a 206 acre lot in Stamford, Vermont. Under the town's zoning ordinance, the property is located in the forest district. The only access to plaintiff's lot is through an easement of at least twenty feet in width over a right-of-way known as Coal Kiln Road. This road is not constructed to town standards. It passes through part of the Green Mountain National Forest and three other lots and continues to a county road that does meet the town standards.

Plaintiff began constructing a camp on his property without obtaining a zoning permit from the town, and on August 17, 1987, he received a notice of violation of the town zoning ordinance. The violation was described as the construction of a structure in the forest zone without a sewage disposal permit or a building permit. On August 20, 1987, the town planning commission granted plaintiff's request for a construction permit. Under the zoning ordinance, however, the building of a camp in the forest zone also requires a conditional use permit from the zoning board. The board denied such a permit on October 27,

1987 because it found that the access road leading to plaintiff's property was not in compliance with § 6.2.1 of the zoning ordinance. That section deals with conditional use permits in the forest district and provides in pertinent part that "[r]oads providing access to lots in the forest district shall be constructed to town standards."

Plaintiff appealed the board's decision to the Bennington Superior Court. The lower court reversed the zoning board decision and ordered the board to issue plaintiff a conditional use permit once he successfully obtained a sewer permit. The court recognized the ordinance provision on which the board relied, but held that another provision governed. That provision, § 7.2.1 of the ordinance, is part of the "General Regulations" of the zoning ordinance and states:

> No land development may be permitted on lots which do not either have frontage on a public road or public waters or, with the approval of the Planning Commission, access to such road or waters by a permanent easement or right-of-way at least twenty feet in width.

The court held that since plaintiff's proposal met the requirements of § 7.2.1, the town's legitimate concerns for access were satisfied and the permit should issue. Defendants appeal the lower court's grant of plaintiff's conditional use permit.

There are three issues for our consideration: (1) whether the trial court correctly interpreted the town's zoning ordinance; (2) whether the town's requirement that a forest district access road meet town standards is valid; and (3) whether the denial of a conditional use permit would render plaintiff's property unusable. The town must prevail on each of these questions if we are to reverse the decision of the lower court.

In construing a zoning ordinance, we use the same rules that we use in construing a statute. See *Kalakowski v. John A. Russell Corp.*, 137 Vt. 219, 223, 401 A.2d 906, 909 (1979). The construction problem is created in this case because two provisions of the ordinance concern the same subject—that is, access to land being developed. "When two statutes deal with the same subject matter and one is general and the other

special, they must be read together and harmonized if possible to give effect to a consistent legislative policy." *City of Rutland v. Keiffer*, 124 Vt. 357, 363, 205 A.2d 400, 404 (1964). We must read the relevant sections in context and the entire scheme in pari materia. See *Wolfe v. Yudichak*, 153 Vt. 235, 240, 571 A.2d 592, 595 (1989).

■ The two provisions involved in this case were clearly put into the ordinance for different purposes. The general provision contained in § 7.2.1 is intended to set minimum access requirements for all developments in all zones. This provision is required by 24 V.S.A. § 4406(2). Under the statute, a municipality may not adopt a zoning ordinance unless it contains the provision set forth in § 7.2.1. See 24 V.S.A. § 4406 ("No municipality may adopt zoning regulations which do not provide for the following . . . .").

The more specific provision, contained in § 6.2.1, applies only where the landowner applies for a conditional use permit in the forest zone in order to erect a dwelling house, including a cabin, camp, chalet or similar seasonal and vacation structure. The forest zone is one of three types of districts set forth in the zoning ordinance.

We can find no way to construe the ordinance provisions together to reach the result that plaintiff seeks. Even if the ordinance provisions were viewed to be in conflict, we would have to give effect to the specific over the general. See *Rutz v. Essex Jct. Prudential Committee*, 142 Vt. 400, 405, 457 A.2d 1368, 1370 (1983). There is, however, no direct conflict between the provisions. Section 7.2.1 sets a minimum access requirement below which no development may proceed. It does not say that development which meets that minimum necessarily conforms to all access requirements of the ordinance. Not only is such a construction at variance with the words chosen in the drafting, but it also makes superfluous and ineffective the specific provision for conditional uses in the forest district.* We will not

---

* While the stipulation of facts does not state so, the parties indicated at argument that the reason that Coal Kiln Road does not meet town standards is that it is too narrow. Plaintiff has not challenged this determination. For

adopt such a construction. See *State v. Kreth*, 150 Vt. 406, 409, 553 A.2d 554, 556 (1988).

■ It is undisputed that plaintiff does not meet the require-ment of § 6.2.1 of the zoning ordinance, since Coal Kiln Road does not conform to town road standards. The fact that plaintiff complied with § 7.2.1 of the ordinance does not eliminate the conflict with § 6.2.1. Thus, the trial court erred in holding that the ordinance required a grant of a conditional use permit to plaintiff.

The second issue is whether § 6.2.1 is valid in light of the specific access requirement of 24 V.S.A. § 4406(2). The author-ity of the board to establish conditional use provisions is specifi-cally granted by 24 V.S.A. § 4407(2). That subsection states:

(2) **Conditional uses.** In any district, certain uses may be permitted only by approval of the board of adjustment, if general and specific standards to which each permitted use must conform are prescribed in the zoning regu-lations . . . .

. . . .

Such specific standards may include requirements with respect to:

. . . .

(H) Such other factors as the zoning regulations may include.

The town argues that the ordinance establishes a specific stand-ard for conditional uses in the forest district and that standard is authorized by 24 V.S.A. § 4407(2).

The trial court did not treat this argument directly because it held that the proper construction of the ordinance required the issuance of a permit. Both parties have briefed it here as a pos-sible alternative ground to uphold the trial court's decision. In the interest of concluding this litigation, we exercise our discre-tion to reach it although the trial court did not.

――――

purposes of analysis, we assume that both of the ordinance provisions deal only with road width, or that the only requirement in issue is road width.

■ Our resolution of this issue rests on the same grounds as the resolution of the first issue. Just as we cannot find that § 7.2.1 limits the town's power to regulate access to development through a conditional use requirement, we do not find that the identically worded statute, 24 V.S.A. § 4406(2), sets such a limit. Since, by its terms, the statute provides a regulatory floor, and not a limit, such a construction would be at variance with the plain meaning of the language. See *In re 66 North Main Street*, 145 Vt. 1, 2, 481 A.2d 1053, 1055 (1984) (plain and ordinary meaning of statutory language is presumed). The authority of the town to adopt specific conditional use standards under the statute is broad. We see no reason to conclude that the broad authority is somehow constrained when the standards relate to roads and access.

■ Finally, we consider whether the construction of the ordinance adopted by the board is invalid because it renders plaintiff's land unusable. Again, the issue was not directly addressed by the trial court, although the court stated that "to require owners of rural or forest land to provide access roads to that property which meet town specifications would in many instances render such land unusable by the owner for almost any purpose." Both parties have briefed the issue. We conclude that, in any event, plaintiff has failed to make a proper record to put the issue before us.

The claim made here was also raised recently in *Hinsdale v. Village of Essex Junction*, 153 Vt. 618, 572 A.2d 925 (1990). We noted in *Hinsdale* that the validity of zoning regulations is "'conditioned on there remaining in the owner some practical use of his land.'" *Id.* at 626, 572 A.2d at 929 (quoting *Galanes v. Town of Brattleboro*, 136 Vt. 235, 240, 388 A.2d 406, 409 (1978)). We declined to review a claim that the landowner was denied practical use of his land because the landowner challenged the zoning ordinance, but failed to appeal a decision denying him a variance. We noted that if the landowner "seriously thought he had been denied all practical use of his property by the two zoning board decisions in this case, his remedy was to appeal one or both of those decisions." *Id.* at 627, 572 A.2d at 930.

In this case, the landowner did appeal the board decision, but he raised only a facial attack on the requirements of the ordinance. The record does not indicate that he was unable to have Coal Kiln Road upgraded to meet town standards. Nor has plaintiff shown that he is unable to use his land for the specific uses that are permitted in the forest district without a conditional use permit. In such cases, there is no requirement that the access road meet town standards. We also note that plaintiff has not sought a zoning variance and, thus, the board has been unable to review his specific hardship claim.

Without an adequate record, we do not believe a constitutional review is possible or desirable. It may be, as the trial court found, that strict enforcement of the ordinance will render land unusable "in many instances." It was plaintiff's burden to show that such enforcement rendered the land unusable in this instance.

*The decision of the superior court is reversed, and the decision of the zoning board of adjustment dated October 27, 1987 is reinstated.*