## Okemo Mountain, Inc. and Vermont Department of Forests, Parks and Recreation v. Town of Ludlow Zoning Board of Adjustment, John Lysobey, et al.

[671 A.2d 1263]

No. 94-331

Present: Allen, C.J., Gibson, Morse and Johnson,[1] JJ.

Opinion Filed December 15, 1995

---

[1] Justice Johnson sat at oral argument but did not participate in this decision.

*Richard H. Coutant* of *Salmon & Nostrand,* Bellows Falls, for Plaintiff-Appellee Okemo Mountain, Inc.

*Jeffrey L. Amestoy,* Attorney General, and *Conrad W. Smith,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee Department of Forests, Parks & Recreation.

*John Lysobey,* pro se, Ludlow, Intervenor-Appellant.

**Gibson, J.** Landowners John and Christine Lysobey and Wayne and Beverly Lysobey appeal from a superior court summary judgment, which held in favor of plaintiff Okemo Mountain, Inc. (Okemo) that the Lysobeys do not have public road frontage or access by easement to a public road, as required under zoning regulations of the Town of Ludlow in order to develop land. The Lysobeys maintain that the court erred in concluding that (1) any easement the Lysobeys or their predecessors-in-interest may have had over Okemo Mountain Road has been extinguished by adverse possession, and (2) Okemo Mountain Road is not a public road under the Town's zoning regulation § 610.3 and 24 V.S.A. § 4406(2).[2] We reverse.

In 1986, the Lysobeys purchased thirty-four acres on Okemo Mountain in Ludlow, Vermont, adjacent to Okemo State Forest. Access to the property is via Okemo Mountain Road, which begins at Route 103 and proceeds up Okemo Mountain passing through land owned by Okemo and then through Okemo State Forest. The Lysobeys' land was once owned by Herbert E. Walker, who acquired the property by quitclaim deed dated August 1, 1922.

During the summer of 1935, the State of Vermont acquired rights-of-way across privately owned land to construct Okemo Mountain Road. Walker was one of the landowners who conveyed a right-of-way to the State. By quitclaim deed dated September 23,

---

[2]The Lysobeys also argue that they have an easement by necessity over Okemo Mountain Road and that denial of a permit to build on their land amounts to a taking of property in violation of the Fifth Amendment and the Contract Clause of the United States Constitution. We do not reach these issues.

1935, Walker conveyed to the State "exclusive use and control of a strip of land four (4) rods wide" across his land, conforming to the proposed Okemo Mountain Road surveyed and marked on the land. Walker reserved rights to all wood cut on the strip and "the right to pass and repass over said strip of land above described and any other like strips of land" lower down on the mountain and "the road to be constructed thereon." The State subsequently constructed Okemo Mountain Road.

In 1940, Walker quitclaimed to the State of Vermont a 1.75-acre parcel of land, which included almost all the land Walker owned over which the road passed. Two small sections of the road, less than one-quarter the width of the road, were not conveyed. The 1940 quitclaim deed states: "I, Herbert E. Walker . . . have REMISED, RELEASED, AND FOREVER QUIT-CLAIMED unto the said State of Vermont, all right and title which I, the said Herbert E. Walker or my heirs have in, and to a certain piece of land in Ludlow . . . ." It further states that "Herbert E. Walker will have anc [sic] claim no right in or to the said quit-claimed premises."

In 1956, Okemo began operating a ski area on Okemo Mountain. Access to the base lodge at the ski area is via Okemo Mountain Road. The road above the lodge has not been maintained for vehicular traffic during the winter, but has been used as a ski trail. This upper section of the road is on land owned by the State of Vermont, except for the small sections noted above that were not conveyed to the State in 1940. The road is regulated by the Department of Forests, Parks and Recreation (Department), which currently classifies the road as a State Forest Highway, "Class B," a paved or unpaved State Forest Highway that is generally open to the public, but may be closed at certain times of the year, restricting public access. The Department does not consider Okemo Mountain Road a public highway, although it is open for public use from mid-May through the end of October.

In 1963, the Department leased to Okemo part of Okemo State Forest to develop and operate a ski area. The lease purported to give Okemo authority to restrict adjoining landowners from use of the roads and other leased premises. The Department and Okemo entered into a new lease for ski area development on Okemo Mountain in 1975. The parties dispute whether the lease agreement has been continuous since 1963.

In October 1988, the Lysobeys applied for a permit to build a residential home on their land adjacent to Okemo State Forest and accessed via the section of Okemo Mountain Road above the base

lodge. The zoning administrator approved the permit application, and Okemo filed a notice of appeal with the Ludlow Zoning Board of Adjustment, challenging the Lysobeys' right to pass over Okemo Mountain Road to their property. Under Ludlow's zoning regulations, "No land development may be permitted on lots which do not either have frontage on a public road or public waters or, with the approval of the Planning Commission, access to such a road or waters by a permanent easement or right-of-way (at least 20 feet in width)." Town of Ludlow, Vermont, Zoning and Flood Hazard Regulations § 610.3 (Mar. 6, 1990). Following hearings, the Board affirmed the decision of the zoning administrator, concluding that the Lysobeys have a right-of-way over Okemo Mountain Road above the base lodge and that it provides access to a public road.

Okemo and the Department appealed the decision of the zoning board to the superior court. Subsequently, the zoning administrator granted the Lysobeys a second permit to construct decks and a generator house on the land; this permit was also affirmed by the zoning board and appealed to superior court. The Lysobeys intervened in the two appeals and filed a cross-complaint for declaratory and injunctive relief, requesting (1) a declaration of the rights of the parties to use of Okemo Mountain Road, and (2) an injunction preventing Okemo and the Department from interfering with the Lysobeys' right to use the road.

Addressing cross-motions for summary judgment, the superior court reversed the decision of the zoning board of adjustment. The court concluded that any year-round right-of-way that may have existed appurtenant to the Lysobeys' land was extinguished by adverse possession in 1978, fifteen years after the Department first leased to Okemo the right to control access to upper Okemo Mountain Road. The court further concluded that Okemo Mountain Road was not a public road under the Town zoning regulation § 610.3. Accordingly, it held that the Lysobeys' land does not have frontage on a public road or access to a public road by a permanent easement. The Lysobeys appeal.

## I.

In reviewing an appeal from a summary judgment, we apply the same standard as the superior court. "To prevail on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Palmer v. Bennington Sch. Dist.*, 159 Vt. 31, 35, 615 A.2d 498, 500 (1992).

We begin by examining the nature of the right reserved by Walker in 1935, an issue the trial court did not reach. A reservation is a clause in a deed by which the grantor retains one or more rights in the estate granted. See *Lincoln Sav. & Loan Ass'n v. State*, 768 P.2d 733, 735 (Colo. Ct. App. 1988). It lessens the grant from what it would be without the reservation. *Miller v. Lapham*, 44 Vt. 416, 434-35 (1872); see also *Smith's Ex'r v. Jones*, 86 Vt. 258, 260, 84 A. 866, 867 (1912) (to reserve is to retain, keep back, withhold from operation of grant). Thus, only rights held by the grantor at the time of the conveyance may be reserved in a deed. *Boudreau v. Coleman*, 564 N.E.2d 1, 6 (Mass. App. Ct. 1990).

The 1935 deed granted the State exclusive use and control of a strip of Walker's land to construct Okemo Mountain Road and reserved to Walker a right-of-way over the section of the road on this strip of his land.[3] The deed also attempted to reserve a right-of-way over portions of Okemo Mountain Road below his land, where the State had obtained similar rights of use in order to construct Okemo Mountain Road. Walker could not reserve rights, however, that he did not already have, nor could the State create an easement across its land merely by accepting Walker's deed. Thus, the issue is whether Walker had an easement over lower parts of the mountain at the time he granted the deed to the State in 1935.

In support of its motion for summary judgment, Okemo presented the affidavit of its attorney, stating that none of the deeds in the chain of title to the Lysobey land contains any reference to an access easement or right-of-way over adjacent properties. The Lysobeys pointed out that the Walker deed did indeed reference such an easement, as did the deeds of other landowners who granted the State similar easement rights to build Okemo Mountain Road. To construe a deed, we look first at the language of the instrument because we presume it declares the intent of the parties. *Withington v. Derrick*, 153 Vt. 598, 603, 572 A.2d 912, 914 (1990). It is reasonable to infer from these deeds that the landowners intended these deeds to reserve a right-of-way to access their lands. Because the deeds are

---

[3] To the extent that Walker created and retained an easement over the section of the road traversing his land, that easement was extinguished by the 1940 quitclaim deed by which Walker quitclaimed to the State of Vermont "all right and title" to the 1.75-acre parcel. See *Town of Wolcott v. Behrend*, 147 Vt. 453, 458, 519 A.2d 1156, 1160 (1986) (quitclaim deed conveys to grantee only interest that grantor had at time of conveyance). This deed is, however, evidence that supports the notion that Walker intended to dedicate this land to public use.

ineffective to grant such a right-of-way to the landowners, we presume that the landowners intended to retain a right that they believed that they already had. The use of the word "reserve" also supports this interpretation.

■ To ascertain the intention of the parties, it is also proper to consider the circumstances existing at the time the deed was made. *Sheldon Slate Prods. v. Kurjiaka*, 124 Vt. 261, 267, 204 A.2d 99, 103 (1964). The Lysobeys presented maps indicating that a roadway going up Okemo Mountain existed prior to the State constructing Okemo Mountain Road and newspaper articles indicating that the Okemo Mountain ski run has existed since at least 1938. Cf. *Barrett v. Kunz*, 158 Vt. 15, 20, 604 A.2d 1278, 1281 (1992) (public use of easement for recreational purposes defeats claim of easement abandonment). This evidence also supports the Lysobeys' contention that an easement existed prior to 1935 and was reserved in the deeds. Moreover, to reach the conclusion urged by Okemo, the fact-finder must infer that Walker and his predecessors-in-interest had no right-of-way to access their land and that the reservation in the 1935 deed was a mere nullity.

On this record, we cannot say that Okemo has met its burden of showing that there is no genuine issue regarding whether an easement appurtenant to the Walker lands existed at the time Walker attempted to reserve the easement in the 1935 deed. This factual issue is central to a resolution in this case. Accordingly, summary judgment was improperly granted.[4]

## II.

The Lysobeys argue that the court erred by concluding that any easement that may have existed to access the Lysobey land was extinguished by adverse possession. We assume the existence of an easement to consider whether actions by Okemo may have extinguished it. To extinguish an easement by adverse possession, Okemo must show an ouster of the dominant owner of the easement by open, notorious, continuous, hostile and adverse possession of the road for the statutory period of fifteen years. 12 V.S.A. § 501; *Percival v. Fletcher*, 121 Vt. 291, 296, 155 A.2d 737, 740 (1959). "The possession must be unequivocal and incompatible with possession and use by the

---

[4] We do not consider the extent of any easement, as this is more properly considered by the trial court in the first instance.

dominant owner." *Percival*, 121 Vt. at 296, 155 A.2d at 740. To start the prescription period, Okemo must show that it acted "clearly wrongful as to the owner of the easement." R. Powell & P. Rohan, 3 Powell on Real Property § 34.21, at 34-261 (1994). Its use of the land must be incompatible or irreconcilable with use of the easement. *Id.*

■ Use of the road by Okemo during periods of nonuse by the Lysobeys or their predecessors-in-title is not adverse use, but is more accurately characterized as privileged use. See *Beebe v. Swerda*, 793 P.2d 442, 447 (Wash. Ct. App. 1990) (use of property subject to easement by servient owner during periods of nonuse by dominant owner is not adverse but rather privileged). Indeed, it is difficult to establish adverse possession of an easement where the dominant owner abstains from using the easement. R. Powell & P. Rohan, *supra*, § 34.21, at 34-264-65. Erection of a permanent structure, such as a building or wall that clearly interferes with the right of use, would be sufficient to extinguish it. *Id.* at 34-261-62; see e.g., *Percival*, 121 Vt. at 297, 155 A.2d at 740-41 (stone wall extending across easement was adverse use). Less permanent obstructions may be considered adverse where the dominant owner recognizes the purpose is to prevent use of the easement. See *Percival*, 121 Vt. at 297, 155 A.2d at 741 (clothesline barrier across right-of-way was unequivocal act where understood to be so by dominant owner who cut lines).

■ In this case, there is no indication that Okemo's use of the road was at any time adverse to the use of an easement to access the Lysobey land. There is no permanent structure across the road, nor any evidence that Okemo prevented the Lysobeys or their predecessors-in-title access to the Lysobey land at any time prior to this action. On the contrary, the evidence indicates that the dominant owners did not use the easement during the winter; thus, Okemo's use of the road was compatible with that of the owner of the easement and could not have been adverse. See R. Powell & P. Rohan, *supra*, § 34.21, at 34-262-63. Accordingly, we conclude that Okemo did not assert facts sufficient to establish extinguishment of the easement by adverse possession.

## III.

The Lysobeys also argue that the trial court erred by concluding that Okemo Mountain Road is not a public road under Ludlow Town Ordinance § 610.3 and 24 V.S.A. § 4406(2). Section 4406 provides that no municipality may adopt zoning regulations that do not provide

for access to public roads or waters. "No land development may be permitted on lots which do not either have frontage on a public road or public waters or, with the approval of the planning commission, access to such a road or waters by a permanent easement or right-of-way at least twenty feet in width." 24 V.S.A. § 4406(2). Ludlow Town Ordinance § 610.3 adopts this language. Neither the statute nor the ordinance defines a public road.

We apply the same rules in construing the statute and the ordinance. *Blundon v. Town of Stamford*, 154 Vt. 227, 229, 576 A.2d 437, 439 (1990). Our primary objective is to effectuate the intent of the Legislature. *Bisson v. Ward*, 160 Vt. 343, 348, 628 A.2d 1256, 1260 (1993). We presume the Legislature intended the plain meaning of the statutory language. *Id.* Black's Law Dictionary defines "public road" as a "highway." Black's Law Dictionary 1193 (5th ed. 1979). It defines a "highway" as a "free and public roadway, or street; one which every person has the right to use." *Id.* at 656. "Its prime essentials are the right of common enjoyment on the one hand and the duty of public maintenance on the other." *Id.*

■■ The Lysobeys argue that "public road" is synonymous with "highway" as defined by 19 V.S.A. § 1(12). The Department maintains that 19 V.S.A. § 1(12) should not be determinative because the purposes of the two statutes are distinct and because the two statutes use different words: "highway" versus "public road." We reject any distinction between "public road" and "highway" as they are commonly understood and defined. See, e.g., Webster's Ninth New Collegiate Dictionary 571 (1991) ("highway" defined as "a public way"); *id.* at 1018-19 ("road" defined as a "highway"). Moreover, the definition of "highway" provided by 19 V.S.A. § 1(12) is consistent with the plain meaning of "public road or highway," a road over which the public has a right to pass and which the government has the obligation to maintain. Because the obligation to maintain exists if the road in question is a "highway" under 19 V.S.A. § 1(12), this definition and case law regarding the obligation to maintain may be applied to determine whether Okemo Mountain Road is a public road under Ludlow Zoning Ordinance § 610.3.

A highway or public road may be established by statute or by dedication and acceptance. See 19 V.S.A. § 1(12); *Town of Springfield v. Newton*, 115 Vt. 39, 43, 50 A.2d 605, 608 (1947). There is nothing before the Court to indicate that Okemo Mountain Road was established as a public road by statute. Dedication of a road as a highway or public road is the setting apart of the land for public use, and may

be either express or implied from the acts of the owner. *Druke v. Town of Newfane*, 137 Vt. 571, 574, 409 A.2d 994, 995 (1979). The essential element is the intent of the owner. *Newton*, 115 Vt. at 43-44, 50 A.2d at 608-09. "Where the evidence is conflicting, the question of dedication is one of fact." *Id.* at 44, 50 A.2d at 609. Walker's intent is evidenced in part in his deeds and those of other landowners who granted easements to the State, see *Druke*, 137 Vt. at 576, 409 A.2d at 996 (deeds recognizing preexisting right of public to pass are evidence of intent to dedicate), and counters Okemo's contention that there is no genuine question of material fact on this issue.

In addition to dedication, however, the road must be accepted by the government as a public road. *Newton*, 115 Vt. at 44, 50 A.2d at 609. Here again, "intention is vital, for there cannot be an acceptance without it." *Id.* Such evidence may be inferred from evidence of assuming the burden of maintaining the road. *Id.* at 45, 50 A.2d at 609. Again, intent is a question of fact, and the evidence in this regard is scarce and conflicting. We conclude that the issue of whether Okemo Mountain Road is a public road rests on the intent of the parties when Walker granted rights to the State for the road to be improved. This is a material factual issue in dispute.

On motion for summary judgment, Okemo presented two documents to support its contention that Okemo Mountain Road is not a public road: the affidavit of Edward Leary, Director of Lands Administration for the Department, and the Department Policy #13. Neither document entitles Okemo to summary judgment. Policy # 13 became effective May 15, 1991, after the applications for the zoning permits were filed — indeed, after the appeal to the superior court was filed; accordingly, it is irrelevant to determining whether Okemo Mountain Road is a public road. Further, facts in the affidavit by Mr. Leary were disputed by documents submitted by the Lysobeys, and Mr. Leary does not state how he has *personal* knowledge of events concerning Okemo Mountain Road during the 1930s and prior thereto. Assertions by the Department — by administrators or by policy adopted after the commencement of this action — declaring that Okemo Mountain Road is not a public road are legal arguments, not evidence to establish this fact.

*Reversed and remanded.*