**Clark W. HINSDALE, Jr. v. Crosby and Helen SHERMAN, and Arthur and Martha Burleigh**

[764 A.2d 1218]

No. 00-030

November 8, 2000. Plaintiff Clark Hinsdale appeals from a decision of the Chittenden Superior Court granting defendants Crosby and Helen Sherman's motion for judgment on the pleadings pursuant to V.R.C.P. 12(c). The court ruled that defendants' purchase of a lot of land according to an existing purchase and sale agreement did not trigger plaintiff's later-granted option to purchase the same land. On appeal, plaintiff argues that defendants took the land subject to the option contract because, at the time of purchase, defendants had notice of the option. We affirm.

This action arose from a series of agreements that defendants Arthur and Martha Burleigh made regarding the conveyance of Lot No. 3 of the Cedar Crest at Spear Development. On April 11, 1994, the Burleighs entered into a purchase and sale agreement with the Shermans to purchase Lot No. 3 for $51,000. On May 31, 1994, the Burleighs executed a "Right of First Refusal" to plaintiff for Lot No. 3. Specifically, the Burleighs granted plaintiff the right to purchase Lot No. 3 "[i]n the event that [Burleighs] shall not convey lot 3 according to the terms of a certain purchase and sale agreement between [Burleighs] and [Shermans], *and amendments thereto*" (emphasis added). On June 10, 1994, the Burleighs conveyed Lot No. 3 to the Shermans for $47,000 by warranty deed. At the time of the closing, the Shermans knew about the agreement between plaintiff and the Burleighs.

Plaintiff brought suit, claiming that by reducing the price of Lot No. 3 from $51,000 to $47,000, defendants failed to convey the property "according to the terms" of the Sherman/Burleigh purchase and sale agreement and this reduction triggered his right to purchase the lot. The Shermans moved for judgment on the pleadings pursuant to V.R.C.P. 12(c). The trial court held that the minor price reduction did not trigger plaintiff's option to purchase under the Hinsdale/Burleigh agreement because the

Burleighs did not break free from their contract with the Shermans. Plaintiff appeals, arguing that because the Shermans knew of the Hinsdale/Burleigh agreement when they closed on Lot No. 3, they took the property subject to plaintiff's option.

On review of a motion for judgment on the pleadings, we will consider "all the factual allegations in the pleadings of the nonmoving party and all reasonable inferences that can be drawn from them to be true and allegations to the contrary by the moving party to be false." *In re Estate of Gorton*, 167 Vt. 357, 358, 706 A.2d 947, 949 (1997). We will affirm a judgment on the pleadings if the plaintiff's pleadings contain no allegations that if proven would permit recovery. See *Knight v. Rower*, 170 Vt. 96, 98, 742 A.2d 1237, 1239 (1999). Plaintiff contends that the trial court assumed facts not on the pleadings when it rendered its decision, in effect converting defendants' motion to one for summary judgment under V.R.C.P. 56. We need not address that issue, however, because the pleadings alone are sufficient to affirm the court's decision.

The only question we must address is whether the terms of the sale of Lot No. 3 between the Shermans and the Burleighs triggered plaintiff's option to purchase the lot. Although the Hinsdale/Burleigh agreement was titled "Right of First Refusal," in actuality the contract more closely resembled an option contract—plaintiff had the option to buy Lot No. 3 if and when the deal between the Shermans and the Burleighs was not completed. See *Cameron v. Double A. Services, Inc.*, 156 Vt. 577, 585, 595 A.2d 259, 263 (1991) (right of first refusal becomes an option with appearance of another purchaser). This characterization is bolstered by the fact that the Sherman/Burleigh agreement was signed a month before the Hinsdale/Burleigh one. Be-cause the Shermans had secured their right to purchase Lot No. 3 first, plaintiff could not have gained a right of *first* refusal.

The interpretation of the Hinsdale/Burleigh contract is a matter of law. *Morrisseau v. Fayette*, 164 Vt. 358, 366, 670 A.2d 820, 826 (1995). According to the contract, plaintiff's option would be triggered only if the Sherman/Burleigh agreement was not consummated according to its terms and "amendments thereto." Here, the sale was consummated according to the terms of the Sherman/Burleigh agreement, except that the price term was changed. We find that a change in the price term is precisely the type of "amendment" contemplated by the Hinsdale/Burleigh agreement. See *Okemo Mountain, Inc. v. Town of Ludlow*, 164 Vt. 447, 451, 671 A.2d 1263, 1267 (1995) (noting that we presume the language of an instrument declares the intent of the parties). Thus when the Sherman/Burleigh agreement, which pre-dated plaintiff's option contract, was consummated, plaintiff's option was extinguished. According to the plain language of the Hinsdale/Burleigh contract, the Shermans or the Burleighs were entitled to amend the price, or any other term of their agreement and plaintiff's option would be relevant only if the sale of Lot No. 3 ultimately failed.

Plaintiff argues that because the Shermans knew of the Hinsdale/Burleigh agreement at the time the sale was completed, they took the property subject to his option. We need not reach this question, however, because we hold that the sale did not trigger the option and so it was extinguished. The Shermans, therefore, own Lot No. 3 free of any encumbrances relating to the Hinsdale/Burleigh contract.

*Affirmed.*