STATE OF VERMONT

ENVIRONMENTAL COURT

Appeal of  Levine            }        Docket No. 212-9-02 Vtec
                             }
                             }
                             }
                             }

Decision and Order on Appellants' Motion for Summary Judgment

Appellants Bruce and Ellen Levine appealed from a decision of the Development Review Board (DRB) of the Town of St. Albans, denying them a variance from the provisions of § 400 of the Zoning Bylaws. Appellants are represented by John C. Candon, Esq.; the Town is represented by David A. Barra, Esq. Appellants have moved for summary judgment.

The following facts are undisputed unless otherwise noted. We note at the outset that no survey or other diagram has been provided by the parties to assist the Court in determining the relative locations of the parcels and access road at issue in the present appeal.

Appellants acquired property in 1976 consisting of approximately 18 acres of land and a house, with access. Material facts are in dispute or at least have not been provided to the Court as to whether the access road referred to by the parties ran along a boundary of or through or into the 18-acre parcel. Material facts are in dispute or at least have not been provided to the Court as to whether Appellants owned the land under the access road, with the Town or another party holding the easement or right-of-way over it, or whether Appellants only acquired a right-of-way or easement over the access road.

In 1981 Appellants conveyed the house and 7.1 acres of land to one Silk, retaining an undeveloped parcel of approximately 11.9 acres. They conveyed to Silk " the right to use the access way in common" with Appellants. This deed has not been provided so that material facts are in dispute or at least have not been provided to the Court as to whether the " right to use the access road" was an easement or right-of-way over land owned by another, to be held in common by Appellants and Silk, or whether the transaction resulted in one party owning the underlying land to the right-of-way with the other acquiring an easement or right-of-way to travel over it.

Later in 1981 Appellants conveyed .6 acres to be added to the land already owned by another neighbor, Palmer. It is not clear to the Court whether the Town's argument that the hardship was created by Appellants is based on this conveyance. This conveyance was subject to a so-called Deferral of Permit. The Court is aware that these Deferrals of Permit are typically issued by the state and restrict the property from being developed unless a further permit has been acquired; however, the restrictions in the Deferral of Permit have not been provided to the Court. This neighbor apparently has vehicular access to the combined land from some other access, but material facts are in dispute or at least have not been provided to the Court as to the location of

that access, and also as to whether the conveyed .6-acre strip adjoins the right-of-way at issue in the present appeal.

The Zoning Bylaws imposing the current requirements of §§ 400 and 401 were adopted on December 27, 1983 and took effect on January 17, 1984. Section 400 requires a 60-foot width of right-of-way for access to parcels lacking access by a Class I, II or III public road, except that rights of way not more than 20 feet in width may be approved under § 401 for access to not more than two single-family dwellings.

In 1988 the Selectboard appears to have discussed and declined to discontinue the access road at issue in the present case. It is classified as a Class IV road with a presumed right-of-way width of 50 feet.

At some time in 2000 Appellants requested of unidentified ' neighbors' a 60-foot right of way for access to an unidentified location, which was refused. Material facts are in dispute or at least have not been provided to the Court as to whether they requested or were denied the additional ten-foot-wide strip of right-of-way adjacent to the existing 50-foot-wide Class IV town road, from either neighbor on either side of that road.

At some time in 2000 Appellants apparently submitted a request to the Planning Commission to approve their right-of-way for access to their parcel, presumably under § 401. However, they withdrew the request before it was acted upon. Their 2002 request to the DRB for a variance from the requirements of § 400 was denied and resulted in the present appeal.

Appellants first argue that they are entitled to access along the fifty-foot-wide right-of-way because the creation of their lot with such access predated the requirement for a sixty-foot-wide right-of-way in § 400. They may be entitled to treatment of their lot as a preexisting single-family building lot, nonconforming only as to the access width requirements, under Article VI of the Zoning Bylaws. However, material facts are in dispute as to the configuration of the lots vis-à-vis the access road, from which the Court could make this determination. In addition, Appellants do not appear to have applied yet for any zoning permit by which this issue would then come before the Court.

Appellants next argue that they qualify for consideration under § 401 rather than § 400, arguing that theirs would be the second residential property, as access to the Palmers property is by some other route. They may be entitled to approval of their application under § 401 rather than § 400. However, material facts are in dispute as to the configuration of the lots vis-à-vis the access road, from which the Court could make this determination. Moreover, as Appellants withdrew their application for approval under § 401, strictly speaking this issue is not before the Court in this proceeding.

Without Appellants having applied for approval of their access under § 401; and without their having applied for a permit for a house on their lot with a pre-existing non-complying access road; and without evidence that they have requested and been denied an additional ten-foot-wide easement adjacent to the Town Road by either neighbor, it would be impossible for the Court to find that the second of the five variance criteria had been met. Material facts are also in dispute

as to the fifth of the variance criteria. The Court cannot even tell from the materials so far filed by the parties whether the variance that is being requested is a variance of the 50-foot-wide requirement of § 400, or of the 2-residence requirement of § 401, or is a variance being requested under Article VI of the Zoning Bylaws. The requested variance cannot therefore be ruled on by summary judgment.

Appellants final argument is that § 400 of the Town's Zoning Bylaws is invalid, under the Vermont Supreme Court's decision in Appeal of Richards, 13 Vt. L. Week 265 (September 20, 2002). Unlike the ordinance in the Richards case, which provided a definition of 'preexisting small lot' more favorable to the landowner than that provided in 24 V.S.A.§ 4406 (1), sections 400 and 401 of the Zoning Bylaws, when read together, do not conflict with the state statute 24 V.S.A.§ 4406(2). As pointed out by the Supreme Court in Blundon v. Town of Stamford, 154 Vt. 227, 230-32 (1990), section 4406(2) simply precludes development which does not meet its minimum standard of access by a right-of-way of at least 20 feet in width. It does not provide landowners who have a 20-foot-wide right-of-way with any entitlement to develop. Rather, it allows towns to set higher standards for access to all or to particular types of development. In the present case, the Town of St. Albans ordinance sets the standard at the state minimum for access to one or two single-family houses, and requires a higher standard for access to larger developments or more intense land uses. This ordinance is within the Town's authority to do so.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment is DENIED. We will hold a conference with the parties on Tuesday, April 22, 2003, at 11:45 a.m., with Attorney Barra on the telephone and Attorney Candon in person as he has another Environmental Court hearing that day. Judge Wright will place the call to Attorney Barra. Please be prepared to discuss whether a hearing is necessary on the variance application or whether the parties wish to discuss whether Appellants should also apply for access under § 401 or for a zoning permit, so that all the necessary issues can be before the Court in a single proceeding. Attorney Candon may bring a site plan or survey to that conference, if Attorney Barra agrees that the Court may see it for the purposes of aiding discussion at the conference.

Done at Barre, Vermont, this 15th day of April, 2003.

_____
Merideth Wright
Environmental Judge

**Footnotes**