# Pella Products, Inc. v. Bob Krutak v. Hattie Hawke Livingston and William G. Livingston

[549 A.2d 1059]

No. 86-149

Present: **Allen, C.J., Peck, Gibson and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed June 3, 1988

*Kohn & Rath,* Hinesburg, for Plaintiff-Appellee.

*F. Brian Joslin* of *Theriault & Joslin, P.C.,* Montpelier, for Defendant-Appellee.

*Georgiana O. Miranda* of *McKee, Giuliani & Cleveland,* Montpelier, for Defendants-Appellants.

**Peck, J.** This is an appeal from an opinion and order of the Washington Superior Court entering judgment against defendants William and Hattie Livingston and Bob Krutak in the amount of $10,795 plus costs and interest, judgment in favor of defendant Krutak against the Livingstons for $476.39, and judgment for indemnity by the Livingstons for any sum Krutak is required to pay plaintiff. We affirm.

Plaintiff, Pella Products, brought an action against defendants, Mr. and Mrs. Livingston and Mr. Krutak, for the purchase price of certain windows and doors installed in the home of the Livingstons. Krutak then brought a third-party complaint against the

Livingstons to indemnify him because he was acting as agent for them in the purchase of the Pella Products, and for restitution for money he paid on a separate account for materials he purchased for them. The Livingstons counterclaimed against Krutak, alleging that they hired him to perform work on their home which was done in an unworkmanlike manner, and they raised a defense against Pella Products that the windows and doors were defective.

The trial court determined that Mr. Livingston acted as a general contractor when he hired Krutak and began to extensively remodel his home in July of 1983. When work stopped in November of 1983, about $15,000 worth of Pella Products had been ordered and installed but over half of this amount had not been paid for by the Livingstons.

Although some of the windows leaked and the doors did not fit properly and frosted up in the winter, the court found that it was due to improper installation by Livingston, and his failure to follow plainly marked instructions, and not due to any fault of the product itself. The court also determined that Krutak was not responsible for faulty construction of the home and was not "negligent or unworkmanlike" by failing to warn Livingston that the type of roof he wanted was unsuitable, and by installing the sunroof windows prior to receiving installation instructions from Pella Products, at the urging of Mr Livingston.

The Livingstons raise three issues on appeal. First, they argue that Mr. Livingston was deprived of his constitutional right to due process by the court's failure to recognize and accommodate his hearing problem during the trial. Second, they claim that the trial court failed to satisfactorily resolve conflicting evidence. Finally, the Livingstons argue that the court improperly denied their motion for new trial.

■ Defendant, Mr. Livingston, argues that his constitutional right to due process was violated because the court failed to recognize and accommodate his hearing problem, thus depriving him of the opportunity to participate in his trial. We note, however, that Mr. Livingston was represented by counsel at all times. The court was advised of Mr. Livingston's difficulty after the trial had begun, and Mr Livingston was requested to make known any problem he had hearing the proceedings so that it could be remedied. Mr. Livingston never advised the court that he was unable to hear what was going on in the courtroom during the trial.

Under these circumstances we find no error. See *Brault* v. *Town of Milton*, 527 F.2d 730, 738-39 (2d Cir. 1975).

The Livingstons next argue that the trial court failed to resolve conflicting evidence as to Mr. Livingston's satisfaction with Krutak's work, Krutak's responsibility for the improper construction of the house and the cause of defendants' problems with the Pella products. This Court has held, "[w]here conflicting evidence is produced at trial, the credibility of the witnesses, the weight of the evidence, and its persuasive effect are matters for the trier of fact to determine . . . ." *Whittemore* v. *Cooley*, 147 Vt. 529, 532, 520 A.2d 1002, 1004 (1986). Having reviewed the record, we find the trial court's determination is supported by credible evidence, and, consequently, must stand. *Id.* In addition, defendants have not drawn our attention to any "critically relevant, uncontroverted and undeniably credible" evidence that the trial court failed to incorporate in its findings. See *id.*

The Livingstons' final argument is that the court improperly denied their motion for new trial based on newly discovered evidence. The Livingstons' motion for new trial was filed pursuant to V.R.C.P 59 and 60(b). V.R.C.P. 59 requires all motions for new trial to be "served not later than 10 days after the entry of the judgment." The Livingstons' motion was filed beyond the period specified in the rule; accordingly, the trial court properly denied the motion. *Waitt* v. *Waitt*, 137 Vt. 374, 375, 406 A.2d 395, 395 (1979).

A motion for relief from judgment under V.R.C.P. 60 "is addressed to the discretion of the trial court, and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." *Id.* at 375, 406 A.2d at 395. In this case, the record demonstrates no abuse of discretion.

*Affirmed.*