**TIMBERLAKE ASSOCIATES v. CITY OF WINOOSKI**

[756 A.2d 774]

No. 99-284

April 25, 2000. Timberlake Associates appeals from a decision of the environmental court denying its application for approval of a plan to remove a brick wall and add a curb cut at its commercial property in the City of Winooski. Timberlake contends the court erroneously: (1) exceeded the role of the City's zoning board of adjustment (ZBA); (2) usurped the legislative policymaking function of the ZBA; (3) rejected the terms of a stipulation between the parties; (4) made findings unsupported by the evidence; and (5) determined that future site-plan review was required, and applied inapplicable site-plan criteria. We affirm.

Timberlake's property at the corner of Main and Platt Streets in Winooski contains a neighborhood grocery store and a self-serve gasoline station. In 1992, the City granted a conditional use permit to alter the configuration of the lot by closing both the previously undefined curb cut on Platt Street and the access to a driveway at the rear of the property formerly shared with a residence on Platt Street. The City had denied an earlier proposal in 1992, which had proposed a curb cut for access to Platt Street. In December 1997, Timberlake submitted a proposal to amend the conditional use approval by reorienting the gas pumps, removing a portion of the wall on Platt Street, and adding a curb cut onto Platt. Following an evidentiary hearing, the ZBA denied the application, noting that the facts presented on the issues of traffic flow, safety, and competition were duplicative of the facts presented at the initial 1992 hearing, and that there had been no material or substantial change of circumstances. Timberlake appealed to the environmental court, submitting the question whether the court "should approve the project to rotate the pump islands, remove the brick wall and install[] a curb cut on Platt Street."

Prior to the merits hearing, Timberlake moved to remand the matter to the ZBA to allow that body to reach "the merits" of the application. The court denied the motion. Following an evidentiary hearing, the court also denied the application. Although it agreed with Timberlake that the circumstances had changed sufficiently to reconsider the matter, the court found that, under the conditional use criteria set forth in the City's zoning regulations, the proposed curb cut would adversely affect the residential character of the Platt Street area, as well as traffic conditions on Platt and Main Streets. This appeal followed.

Timberlake first contends the trial court erred in denying its motion to remand the matter to the ZBA. More specifically, Timberlake claims the court exceeded its proper role by addressing issues not before the ZBA, and by usurping the ZBA's policymaking functions. As we explained in *In re Maple Tree Place*, 156 Vt. 494, 501, 594 A.2d 404, 408 (1991), the decision to remand a matter to an administrative review board "necessarily must be an area of trial court discretion, and we review under the familiar standard that abuse of discretion must be found for the appellant to prevail." Notwithstanding the de novo standard of review, a remand may be appropriate, we observed, where the court is called upon to "address[] new issues never presented to the planning commission and on which interested persons have not spoken in the local process." *Id.* at 500, 594 A.2d at 407. Where the case turns upon the meaning of a zoning ordinance, a remand may also be useful for an interpretation "'by the administrative body responsible for its execution.'" *Id.* (quoting *In re Duncan*, 155 Vt. 402, 408, 584 A.2d 1140, 1144 (1990)).

The record does not support Timberlake's claim that the court abused its discretion in denying the motion. On the contrary, the record demonstrates that all of the pertinent issues concerning Timberlake's application were presented

to the ZBA. Testimony was received by witnesses for and against the application, and extensive evidence was presented on the key issues of traffic flow, safety, and impact on the residential character of the area. Indeed, in submitting the merits of the application for review by the environmental court, Timberlake implicitly acknowledged that the ZBA had considered the application in its entirety. Hence, the court did not overstep its proper role by addressing new issues or issues on which interested persons had not spoken. See *id.* Nor did the court confront a statutory-interpretation issue of first impression in which the ZBA's construction might have been determinative. See *id.* Accordingly, we find no error.

Timberlake next contends the court erroneously failed to honor a stipulation between the parties to apply the zoning standards applicable to amendments to nonconforming uses, rather than the more rigorous standards applicable to conditional use approvals. Again, the record fails to support the claim. The stipulation merely indicated that the application was "being made under § 8.400 Non-Conforming Uses and Non-Complying Structures." It also acknowledged that the existing configuration of the site had been previously approved by a grant of conditional use approval, and recited certain standards that would not apply "[s]hould the court decide that Conditional Use Approval is required for this alteration to a previously approved nonconforming use." Hence, the stipulation plainly contemplated that the court might determine to apply the City's conditional-use standards to the project.

Timberlake next asserts that certain findings of the court are unsupported by the evidence. In reviewing decisions of the trial court, we will not disturb its factual findings unless, taking the evidence in the light most favorable to the prevailing party, they are clearly erroneous. *Bissonnette v. Wylie,* 166 Vt. 364,

370, 693 A.2d 1050, 1055 (1997). We will not disturb a finding even if it is contradicted by substantial evidence, unless there is no credible evidence to support the finding. *Rubin v. Sterling Enters., Inc.,* 164 Vt. 582, 588, 674 A.2d 782, 786 (1996). Timberlake focuses on the court's findings concerning the project's impact on traffic, pedestrian travel, and safety. It contends the court ignored a traffic expert's testimony that the addition of five cars per hour turning left from Platt Street onto Main Street would have no measurable impact upon traffic conditions in the area. It also argues that the court usurped the legislative function by characterizing a "D" level of service (referring to the delay occasioned by the left-hand turns) as unacceptable notwithstanding the Agency of Transportation's general acceptance of the D-level standard in urban areas.

The record amply supported the court's finding. There was testimony from neighbors and the City of Winooski fire chief concerning the potential safety problems created by the possibility of stacking at the Platt and Main Street intersection resulting from the additional cars turning left onto Main. Furthermore, the general acceptance of D-level service in urban areas does not dictate the City or the court's decision in circumstances where the particular pattern of traffic and roads makes additional congestion unsafe. See 24 V.S.A. § 4407(2)(C) (municipality may establish specific standards requiring that conditional use not adversely affect traffic on roads and highway in vicinity); *Blundon v. Town of Stamford,* 154 Vt. 227, 232, 576 A.2d 437, 440 (1990) (town's authority to adopt specific conditional use standards relating to roads and access is broad).

Timberlake also contends the evidence failed to support the court's finding that the proposed curb cut would adversely affect the residential character of the area by removing a protection for pedes-

trians and cars backing onto Platt Street from residences. Timberlake also takes issue with the court's finding that removal of the wall segment and installation of the curb cut would increase pedestrian-vehicle conflict on Platt Street, and its observation that pedestrian-vehicle conflicts would not be offset by any reduction in vehicles using Main Street. The testimony of neighbors and residents of Platt Street concerning the potential problems of additional traffic on the residential side street, and the possibility of stacking resulting in the blockage of the curb cut, provided sufficient evidentiary support for the court's findings. The testimony of Timberlake's expert to the contrary does not support a conclusion that the court's findings were clearly erroneous. See *Rubin*, 164 Vt. at 588, 674 A.2d at 786.

Finally, Timberlake contends the court erred in noting that future site-plan review of the project would be required, and also erred in applying site-plan criteria to the project and in finding that it did not meet site-plan standards. We discern no prejudicial error from the court's passing observation that the project would be subject to future site-plan review. Moreover, in discussing the site-plan standards, the court merely observed that the circumstances that adversely affected traffic and pedestrian safety under the conditional-use criteria would also affect traffic access and other site-plan requirements. We find no prejudicial error.

*Affirmed.*