STATE OF VERMONT
VERMONT ENVIRONMENTAL COURT

TOWN OF BRISTOL,           }
    Plaintiff,            }
                      }
        v.            }          **Docket No: 45-3-04 Vtec**
                      }          **Zoning Enforcement Proceeding**
PETER J. NELSON, MARK NELSON,    }
LAURA GORDON, JAMES N. NELSON     }
and ANGELA LAFOREST,         }
    Defendants.            }

## Order on Pending Motions

This matter concerns Defendants' request to open four default judgments against Defendant property owners Peter J. Nelson, Mark Nelson, Laura Gordon (a/k/a Lora Gordon), and Angela LaForest, issued for their violation of the Town of Bristol (Town) Zoning Bylaws and Regulations (Bylaws) regarding the collection and storage of motor vehicles and the operation of a junkyard at 81 West Street. Defendants were originally represented by Kevin E. Brown, Esq., but after his motion to withdraw was granted on August 24, 2004, Defendants represented themselves until retaining W. Scott Fewell, Esq. sometime in late 2004 or early 2005. The Town is represented by Amanda S. E. Lafferty, Esq. The Town also has a motion pending, for default against the remaining defendant, James N. Nelson.

Before ruling on Defendants' Motion for Relief from Judgment under V.R.C.P. 60(b), some discussion of the procedural history of this matter is helpful.

On June 12, 2001, Defendant Peter J. Nelson received approval from the Bristol Zoning Board of Adjustment (ZBA) to run an auto repair business at 81 West Street. On November 24, 2003, the Town's Zoning Administrative Officer issued a written Notice of Violation to Defendant Peter J. Nelson for improper storage of motor vehicles, the operation of a junk yard, and for an unpermitted auto repair business. After not receiving a response or a notice of appeal from Defendant Peter J. Nelson, the Town on February 26, 2004, issued similar written Notices of Violation to the other property owners, Defendants Mark Nelson, Laura Gordon (a/k/a Lora Gordon), James N. Nelson, and Angela LaForest, for failure to obtain a zoning permit for repair

of motor vehicles, for improper storage of motor vehicles, and for operation of a junk yard without a permit.

As a preliminary matter, we find the contents of the notices of violation sufficient to comply with the due process requirements established by our Supreme Court in Town of Randolph v. Estate of White, 166 Vt. 280, 284–85 (1997). The notices of violation clearly stated the reasons for the violations and the actions that the Town will take against property owners. The notices also stated that the Defendant "may appeal this Notice of Violation to the Bristol Board of Adjustment by filing a written Notice of Appeal, along with $20.00 fee, within fifteen (15) days of the date of this notice." See Attach. B to Defendants' Mot. to Open Default, at 2. The notices of violation also provided an address for the filing of a notice of appeal.

Although the notice did not state that failure to appeal the violation allegations would result in a final judgment as to a defendant's violation, due process requires only that the notices apprise Defendants of their right to appeal and how that appeal may be commenced; there is no requirement that the notices state that failure to appeal may result in final decisions against them on the violations.

On March 22, 2004, the Town commenced enforcement proceedings against all five Defendants by filing a Complaint with the Environmental Court based on the violations alleged in the notices of violation: operation of an auto repair business without a permit, the improper storage of motor vehicles, and operating a junkyard without a permit. The Complaint alleged violations of Bylaws § 320 and 24 V.S.A. § 4443 (2003) for conducting the above activities without a valid zoning permit. The Town in its Complaint also requested that the Court award preliminary and permanent injunctive relief and fines of $100 per day for each day that the Defendants allegedly violated the Bylaws.

One month later, in April 2004, the Town discovered Peter J. Nelson's 2001 conditional use permit for the auto repair use, so the Town proceeded to prosecute only the improper storage of motor vehicles and the unpermitted operation of a junk yard violations.

After obtaining counsel and stipulating to a preliminary injunction on or about May 26, 2004, Defendants accepted service of the Complaint through their attorney on June 4, 2004. After accepting service and filing of the stipulation, Defendants' attorney moved to withdraw from the representation on June 10, 2004, which was granted on August 24, 2004. Defendants thereafter decided to represent themselves.

Defendants subsequently failed to answer the Town's Complaint. They also failed to appear before the Court for an "in person" status conference on September 22, 2004, even though notice of the conference was mailed to them on August 24, 2004, with the Order granting their former attorney's leave to withdraw his representation. The Court received no further filings from any of the defendants until their new attorney filed the pending Motion to Vacate on February 1, 2005.

On October 21, 2004, the Town moved for an entry of default as to Defendant Peter J. Nelson, which this Court granted the following day. After the Court issued and subsequently vacated an Entry Order dated November 29th dismissing all claims because the Town failed to move for default or take any action in regard to the other four Defendants, the Town moved for default judgment against Defendant Angela LaForest, which this Court granted on December 14, 2004. On December 21 the Town moved for and the Court granted default judgments against Defendants Laura Gordon and Mark Nelson. The Town did not move for a default judgment against Defendant James N. Nelson until March 1, 2005, when they filed their response to Defendants' instant V.R.C.P. 60(b) Motion. The Motion for Default against James N. Nelson is still pending.

Each Default Judgment Order issued by this Court requires Defendants to remove all motor vehicles from the property that they do not own and that are not in running condition, to remove all junk from the property, and to cease operation of a junkyard. The Court levied different fines on each Defendant, depending on when their Notices of Violation were finalized. The Court imposed fines of $30/day for each violation until the date of the preliminary injunction, May 26, 2004, and then $20/day after that date for each day of the violation. The Judgments therefore required that Peter J. Nelson pay a sum of $8,455, that Angela LaForest pay $6,500, and that Mark Nelson and Laura Gordon each pay $6,620.

Sometime in early 2005, Defendants retained counsel, who on February 1, 2005, filed the pending Motion under V.R.C.P. 60(b) for relief from the Default Judgments.

## Discussion

A motion to reopen judgment under Rule 60(b) is solely within the discretion of the Court. See Pella Products, Inc. v. Krutak, 150 Vt. 81, 83 (1988). The Court is permitted to reopen a judgment in a variety of situations including mistake, inadvertence, excusable neglect,

newly discovered evidence, fraud, or for "any other reason justifying relief from the operation of the judgment." V.R.C.P. 60(b).

While there is a strong desire to resolve litigation on the merits, <u>Desjarlais v. Gilman</u>, 143 Vt. 154, 158–59 (1983), other factors to be considered when ruling on a V.R.C.P. 60(b) motion include whether there was an absence of "culpable negligence or deliberate purpose to delay," <u>Courtyard Partners v. Tanner</u>, 157 Vt. 638, 639 (1991), and "whether the defendant[s] ha[ve] demonstrated any good or meritorious defenses to the plaintiff's claims" <u>Id</u>. at 157.

In this instance, there do not appear to be any extraordinary circumstances warranting reopening of the default judgments. Defendants have neither made an offer of proof of the evidence that would contradict the violations that form the factual basis for the default judgments,[1][*] nor did Defendants present evidence that the fines imposed were unreasonable in light of their violations. We therefore deny Defendants' V.R.C.P. 60(b) motion to reopen.

We now turn to the Town's pending Motion for Default Judgment against James N. Nelson. We presume that Mr. Nelson offers the same arguments against entry of judgment against him as his co-defendants offer in support of their motion to vacate the existing judgments against themselves. Interestingly, Mr. Nelson has chosen to offer no further attack to the underlying Complaint, such as an answer or affirmative defenses. Thus, he remains in default to this day. Judgment is therefore appropriate against Mr. Nelson as well.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Defendants' V.R.C.P. 60(b) motion is DENIED. Plaintiff's motion for entry of default judgment against Defendant James N. Nelson is hereby GRANTED. A hearing shall be scheduled by the Court Manager to determine the appropriate level of fines to be imposed on Defendant James N. Nelson and whether such fines should run jointly and severally with the fines imposed on the other Defendants.

Done at Berlin, Vermont, this 30th day of September, 2005.

_____
Thomas S. Durkin, Environmental Judge

---

[1][*] Defendants failed to appeal the underlying notices of zoning violations, dated February 26, 2004, which preceded this enforcement action. They were therefore precluded from challenging those violations in this enforcement proceeding. 24 V.S.A. §4472(d).