STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Dufault Variance Application | } | Docket No. 129-6-07 Vtec |
| (Appeal of Dufault) | } | |
|  | } | |

Decision and Order on Motion for Summary Judgment and Town's Motion for Remand

Appellants André and Madeline Dufault appealed from a decision of the Development Review Board of the Town of St. Albans denying Appellants' variance application. Appellants are represented by Michael S. Gawne, Esq., and the Town of St. Albans is represented by David A. Barra, Esq.

The Town moved for remand under V.R.E.C.P. 5(i); Appellants oppose this motion and have moved for summary judgment on Question 2 of the Statement of Questions: whether Appellants' variance application was deemed approved within the meaning of 24 V.S.A. § 4464(b)(1). The following facts are undisputed unless otherwise noted.

Appellants applied to the DRB for a variance[1] from the required side yard setback to allow them to move a garage at 154 Shantee Point Road two feet closer to the existing house, to turn its orientation to face the new location of the road serving the property, and to construct a roofed breezeway apparently attaching[2] the two structures.

_____

[1] The application was made under §§ 305(4) and 315(1) of the Zoning Bylaws. As the Zoning Bylaws have not been provided to the Court in connection with the present motions, the Court cannot determine whether both of these sections deal with variances or whether the application was being made in the alternative as an alteration of an existing nonconforming use or under some waiver provision of the ordinance.

[2] The issue of side setback variance appears to result from a provision of the Zoning Bylaws setting the side setback for a detached garage at 15 feet, but requiring a 25-foot side setback for an attached garage. The Court cannot determine from the materials provided by the parties whether Appellants applied for or the DRB considered a roofed walkway between the house and the garage attached to only one of the structures.

1

The DRB hearing on the application was held on April 26, 2007. The minutes[3] reflect that, at the hearing, a motion was made and seconded to approve Appellants' application; that motion was disapproved unanimously. The minutes reflect a fair amount of confusion among the people speaking at the hearing as to when or whether the prior leased land had been purchased; whether it is now held in common by Appellants, the Montcalms, and the Gilles; and whether a violation of the side yard setback had been created by the relocation of the road.

On May 24, 2007, the DRB issued a written Notice of Decision stating the variance denial. The Notice of Decision made five statements labeled as "findings of fact" regarding the variance application (generally tracking the five requirements of the state variance statute, 24 V.S.A. § 4469), as follows:

1.      There are no unique circumstances peculiar to the particular site or existing structure, which create hardship.
2.      Because of such physical circumstances or conditions, the property could reasonably be developed in strict conformance with the Zoning Bylaws.
3.      The applicant created the hardship associated with the request.
4.      The variance [if] authorized will not alter the essential character of the neighborhood and will not impair the value of the adjacent property.
5.      The variance is not the minimum that will afford relief.

These statements do not contain any factual findings, rather, they are conclusory statements that the application meets or does not meet the five listed elements of the statute or ordinance. These statements do not indicate the basis of the decision or the reasoning linking the evidence to any factual findings or linking any factual findings to any conclusions. If this Notice of Decision constitutes the DRB decision, it is entirely deficient under 24 V.S.A. § 4464(b)(1). While § 4464(b)(1) also allows the minutes of a DRB meeting

_____

[3] Appellants provided pages 13, 14, 15, and 21 of the minutes for that public hearing date (and also provided page 16 which deals with an unrelated application). Pages 13 through 15 contain the minutes of the public hearing; page 21 contains the DRB's vote on Appellants' application, which appears to have been taken after a deliberative session (referred to at the end of the discussion on the application on page 15).

2

to suffice as the DRB's written decision, "the factual bases and conclusions relating to the review standards" must be "provided in conformance with this subsection" in the minutes. No party has suggested that the minutes meet this standard.

Appellants argue that because the decision denying their application did not contain the statement of factual bases required by § 4464(b)(1), the deemed approval remedy should operate to grant them the requested variance. As the Vermont Supreme Court has reiterated, see, e.g., In re Appeal of Ashline, 2003 VT 30, ¶ 13, 175 Vt. 203, 209: the purpose of deemed approval is "'to remedy indecision and protracted deliberations on the part of zoning boards and to eliminate deliberate or negligent inaction by public officials,'" (quoting In re Fish, 150 Vt. 462, 464 (1988)). The Vermont Supreme Court has "strictly construed the deemed approval remedy to apply only when clearly consistent with the statutory purpose." In re Ashline, 2003 VT 30, ¶ 13, 175 Vt. at 209.

Thus, while the deemed approval remedy should be applied to remedy untimely decisions or protracted deliberations, e.g., In re Appeal of McEwing Svcs., LLC, 2004 VT 53, ¶ 21, 177 Vt. 38, 46, it is not appropriate in cases in which a decision is timely yet fails to meet some other requirement of the statute. See cases cited in McEwing, 2004 VT 53, ¶ 21, 177 Vt. at 46. Such an application of deemed approval is not appropriate because it has the capacity to produce "perverse result[s] unrelated to the statutory purpose," specifically by granting permits that may be wholly at odds with a particular municipality's zoning scheme. In re Newton Enters., 167 Vt. 459, 465 (1998).

In the present case, the decision was timely, whether measured from the vote taken at the April 26, 2007 hearing or from the written Notice of Decision issued a month later. The circumstances of this case do not evince any DRB delay, resulting from indecision, protracted deliberation, or deliberate or negligent inaction, for which the deemed approval remedy would be appropriate. See, e.g., In re: Long View Investments Site Plan Application, Docket No. 197-9-05 Vtec, slip op. at 4 (Apr. 24, 2006) (deemed approval not

3

appropriate "as a timely decision was made, however inadequate the findings or decision").

Rather, in a situation such as this in which the DRB made a timely yet deficient decision, the proper remedy is not deemed approval but to vacate the decision and to remand it to the DRB. It will be up to the DRB in the first instance whether to reopen the hearing or whether simply to make findings and conclusions based on the evidence taken at the original hearing.

Such a remand order is now specifically authorized under V.R.E.C.P. 5(i), and was in any event available to the Court under prior law. See, e.g., Timberlake Assocs. v. City of Winooski, 170 Vt. 643, 644 (2000) (citing In re Maple Tree Place, 156 Vt. 494, 501 (1991)). Remand is appropriate especially if a DRB requests it to allow it to correct the deficiencies of its own decision in the first instance.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment on Question 2 is DENIED, and the Town's Motion for Remand is GRANTED, concluding this appeal. Any new appeal from a DRB decision after remand would be a new appeal and would receive a new docket number. The Court would consider waiving the filing fee if Appellants find it necessary to bring a new appeal; please attach a copy of this decision or refer to the docket number of this case in any such future request.

Done at Berlin, Vermont, this 24th day of October, 2007.

_____
                    Merideth Wright
                    Environmental Judge

4