**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re Hale Mountain Fish & Game Improvements Application**     **Docket No. 190-11-10 Vtec**
**(Appeal from Town of Shaftsbury Development Review Board determination)**

Title: Motion for Remand (Filing No. 15)

Filed: October 20, 2011

Filed By: Town of Shaftsbury

Response filed on 11/14/11 by Appellant/Applicant Hale Mountain Fish & Game Club, Inc.


___ Granted                 _X_ Denied                 ___ Other

The Town of Shaftsbury ("the Town") has filed a motion to remand this matter back to the Town of Shaftsbury Development Review Board ("the DRB"). Hale Mountain opposes that motion.

On appeal with the Court is an October 20, 2010 decision from the DRB concluding that Hale Mountain Fish & Game Club ("Hale Mountain") had not submitted a complete application for the zoning permits it sought to retrospectively authorize a number of site improvements that it had made, since 1989, to its property at 684 Rod and Gun Club Road in the Town of Shaftsbury, Vermont. The DRB's decision followed an appeal from a decision of the Town's Zoning Administrator granting thirteen permits to Hale Mountain. The DRB's decision purported to "grant[]" the appeal from the ZA's decision without prejudicing Hale Mountain from submitting future applications for the site improvements at issue. Appeal of Issuance of Hale Mountain Permits, Finding of Facts, Conclusion of Law, Decision, at 2 (Town of Shaftsbury Dev. Review Bd. Oct. 20, 2010). Hale Mountain appealed that DRB determination to this Court.

We review the Town's motion to remand by first noting that the Town is correct that it is within our discretion to remand, back to a municipal panel, an application arising in a de novo appeal of that panel's act or decision. See In re Maple Tree Place, 156 Vt. 494, 498–501 (1991); V.R.E.C.P. 5(i) ("At the request of the tribunal appealed from, the court . . . may remand the case to that tribunal for reconsideration."). Remand may be appropriate when, for instance, an issue arises on appeal that was not presented to the lower tribunal, or when our interpretation of a zoning ordinance would be aided by the input of the administrative body responsible for applying it. See Timberlake Assocs. v. City of Winooski, 170 Vt. 643, 644 (2000) (mem.) (citing Maple Tree Place, 156 Vt. at 500). We have previously declined to remand a matter when it seemed unlikely the municipal panel would do anything differently from what it had originally done. See In re Irish Construction Application, No. 44-3-08 Vtec, slip op. at 13 (Vt. Envtl. Ct. Apr. 6, 2009) (Durkin, J.).

The Town here seeks remand to allow the applicant, Hale Mountain Fish & Game Club, to "submit a complete application for a zoning permit" and hold a "full hearing on the merits" of that application. (Town of Shaftsbury's Mot. for Remand 2, filed Oct. 20, 2011).

We decline to remand this matter to the DRB, as doing so would serve no purpose at this stage of the proceeding. The DRB's decision at issue in this appeal denies Hale Mountain's permit application on the grounds that it is incomplete, but authorizes Hale Mountain to submit another, more complete application. If we were to remand this matter back to the DRB, we cannot foresee what the municipal panel would do differently. In its motion, the Town has not provided any suggestion that, on remand, DRB would regard the pending application as anything but incomplete.

The goal sought by the Town in its motion cannot be met, even if we were to grant remand, because the DRB would need to hold a new hearing on a different application, pursuant to the DRB's current decision.

The DRB's current decision, while not a model of clarity, appears to direct Hale Mountain to include a site plan in any new permit application. In reviewing such an application, should the DRB determination be upheld, the DRB would need to undertake site plan review, which is not contemplated by Hale Mountain's current application.

When a zoning permit application is being reviewed by a tribunal, an applicant can offer minor revisions to its application without triggering the need for a new public notice and hearing. See In re Sisters and Brothers Inv. Group, LLP, 2009 VT 58, ¶¶ 20–21, 186 Vt. 103. However, when the revisions proposed to the application are substantive changes that alter the type of approval being sought, the reviewing tribunal is without authority to consider the new application. See In re Torres, 154 Vt. 233, 236 (1990).

Here, if the DRB's decision survives this appeal, a new public notice and hearing will be required. Id. Thus, in considering any new application by Hale Mountain that conforms with the DRB's current decision, the DRB would be duty bound to provide a new public notice and hearing indicating that the application before it sought site plan approval in addition to a zoning permit.

For these reasons, we **DENY** the Town's motion to remand.

_____     ____April 18, 2012____
Thomas S. Durkin, Judge                              Date

=================================================================================

Date copies sent to: _____               Clerk's Initials _____

Copies sent to:

  James P.W. Goss, Attorney for Appellant/Applicant Hale Mountain Fish & Game Club, Inc.

  Interested Persons Owen and Katherine Beauchesne, pro se

  Robert E. Woolmington, Attorney for Town of Shaftsbury