**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Conlon CU Permit**                                    **Docket No. 2-1-12 Vtec**
**(Appeal of Planning Commission grant of conditional use approval)**

Title: Motion to Remand (Filing No. 1)

Filed: May 10, 2012

Filed By: Appellants John and Julia Baldwin

Response filed on 5/25/12 by Applicants/Appellees Edward Conlon and Debra Staniscia
Reply filed on 6/4/12 by Appellants

___ Granted                    _X_ Denied                    ___ Other

John and Julia Baldwin ("Appellants") have appealed a decision by the Town of Plymouth Planning Commission ("the Commission") granting conditional use approval to Edward Conlon and Debra Staniscia ("Applicants") to subdivide a 13-acre property at 441 Weaver Hill Road in the Town of Plymouth, Vermont and build a 1.5 story building. Appellants have filed a motion to remand this matter back to the Commission, which Applicants oppose. Appellants argue that remand is necessary because Applicants did not supply the Commission with an Act 250 land use permit or a state wastewater permit, both of which, Appellants assert, are prerequisites to the Commission granting conditional use approval.

We first clarify that this is a de novo appeal. See 10 V.S.A. § 8504(h). In this de novo appeal, we will consider Applicants' application anew to determine whether it complies with the Town of Plymouth Zoning Ordinance, constricting our review to those issues raised by Appellants in their Statement of Questions and considering only the evidence presented to the Court, not the evidence that was presented to the Commission during the proceeding below. See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto'") (quoting In re Poole, 136 Vt. 242, 245 (1978)); In re Torres, 154 Vt. 233, 235 (1990) (stating that, in considering an application before it, "[t]he reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader.").

It is within our discretion to remand, back to a municipal panel, an application arising in a de novo appeal of that panel's decision. See In re Maple Tree Place, 156 Vt. 494, 498–501 (1991); V.R.E.C.P. 5(i) ("At the request of the tribunal appealed from, the court . . . may remand the case to that tribunal for reconsideration."). However, the remand of an application in advance of the Court being given an opportunity to examine the substantive issues raised in a de novo appeal, is rarely appropriate. Situations which might warrant remand include when an issue arises on appeal that was not presented to the lower tribunal, or when our interpretation of a zoning ordinance would be aided by the input of the administrative body responsible for

applying it.  See <u>Timberlake Assocs. v. City of Winooski</u>, 170 Vt. 643, 644 (2000) (mem.) (citing <u>Maple Tree Place</u>, 156 Vt. at 500).

Here, we conclude that Appellants' motion does not present us with a compelling reason to remand.  This is not a situation where the Commission was not presented with the issues Appellants raise—the Commission did consider whether it could grant conditional use approval to Applicants based on the material before it.  Appellants also do not present us with a situation in which it appears the Commission failed to indicate its interpretation of the Town of Plymouth zoning ordinance.  Appellants' motion, in effect, asks us to rule in their favor on issues included in their Statement of Questions—it asks the Court to fast forward to a merits decision.  Such requests do not make remand appropriate at this stage.

Because Appellants have not convinced us that remand would serve a purpose in this de novo appeal, we **DENY** Appellants' motion to remand.  We clarify that, in denying this motion, we are not rendering an opinion on the merits of either party's argument regarding the completeness of Applicants' application.  Such arguments can be made to the Court as this appeal proceeds.


_____          _____August 30, 2012_____
          Thomas S. Durkin, Judge                                         Date

===============================================================================

Date copies sent: _____                              Clerk's Initials: _____

Copies sent to:

  Appellants John and Julia Baldwin, pro se

  Martin Nitka, Attorney for Applicants/Appellees Edward Conlon and Debra Staniscia

  Frederick M. Glover, Attorney for Town of Plymouth