STATE OF VERMONT

Docket No. 93-8-18 Vtec

---

| Duval CU Denial |
|---|

**ENTRY REGARDING MOTION**

Count 1, Municipal DRB Conditional Use (93-8-18 Vtec)

Count 2, Municipal DRB Conditional Use (93-8-18 Vtec)

Title:          Motion to Remand (Motion 6)

Filer:          Town of Underhill

Attorney:    Joseph S. McLean

Filed Date:  April 5, 2019

Response in Opposition filed on 05/10/2019 by Peter K. Duval, Appellant

**The motion is GRANTED.**

The present action is an appeal of a conditional use permit denial issued by the Town of Underhill Development Review Board (DRB) related to an application submitted by Peter K. Duval. Mr. Duval seeks to convert a single-family home with an attached accessory dwelling into a 4-unit multi-family dwelling at property he owns at 25 Pine Ridge Road in Underhill, Vermont. Mr. Duval appealed the denial and the Town of Underhill (Town) subsequently cross-appealed, raising additional issues in its Statement of Questions. Presently before the Court is the Town's motion to remand this matter back to the DRB for further consideration of Mr. Duval's application.

"At the request of the tribunal appealed from, the court, at any time prior to judgment, may remand the case to that tribunal for its reconsideration." V.R.E.C.P. 5(i). Rule 5(i) is consistent with the Vermont Supreme Court's analysis in In re Maple Tree Place, in that the Court goes "beyond its role as an appellate tribunal, even under a de novo review standard, to start addressing new issues never presented to the [municipal panel] and on which interested persons have not spoken in the local process." 156 Vt. 494, 500 (1991). Therefore, situations in which remand may be appropriate include, among others, when an issue arises on appeal that was not presented to the lower tribunal, or when our interpretation of a zoning ordinance would be aided by the input of the administrative body responsible for applying it. See Timberlake Assocs. v. City of Winooski, 170 Vt. 643, 644 (2000) (mem.) (citing Maple Tree Place, 156 Vt. at 500).

Important to our present analysis of the pending motion is the factual background of this matter. Mr. Duval submitted his present application in November 2017. A public hearing on the matter was continued twice at his request, with a hearing ultimately occurring on May 7, 2018. In February 2018, the Town Planning Director and Zoning Administrator (ZA) sent Mr. Duval a

letter containing a list of materials the DRB considered necessary to assist them in deciding the merits of Mr. Duval's application.[1]

In its ultimate decision, the DRB concluded that "the applicant did not submit sufficient factual evidence demonstrating that he will be able to attain a Wastewater System & Potable Water Supply Permit" from the Vermont Agency of Natural Resources (ANR). In re: Peter Duval, No. DRB-17-16, slip op. at 10 (Underhill Dev. Rev. Bd. Jun. 28, 2018). It also noted that he failed to submit a wastewater system design plan such that the DRB could confirm the project's compliance with the applicable zoning district requirements. The DRB determined that due to this deficiency it was, in part, unable to render decisions related to regulations pertaining to source protection areas, steep slopes, surface waters and wetlands, and water supply and wastewater systems, among others.

Mr. Duval stated in our October 15, 2018 initial status conference that he intended to submit a wastewater system permit application to ANR by January 1, 2019. As of March 12, 2019, Mr. Duval had not submitted such an application, nor does he state in his opposition that he has since done so.

On February 4, 2019, the DRB approved a resolution to request a remand pursuant to V.R.E.C.P. 5(i). The Town asserts that due to Mr. Duval's failure to submit a wastewater system design, the DRB was never afforded the opportunity to evaluate the proposal's compliance with the relevant regulations in the first instance, so that review by this Court would be improper.

The crux of Mr. Duval's opposition to the pending motion is based on his assertion that the Town is attempting to exert impermissible authority over wastewater system regulation. He argues that ANR is the proper permitting authority.

It is uncontested that the Town is without authority to permit a wastewater system design. The Town, however, is not attempting to do so. Instead, the Town seeks to evaluate the pending application's compliance with the relevant conditional use standards to be applied when the DRB conducts conditional use review. See, e.g., Duval, No. DRB 17-16, at 20. This is a valid exercise of the DRB's authority and not grounds to deny the present motion for remand.

Mr. Duval further argues that the remand will not serve a purpose and is therefore improper. We disagree. Many of the issues Mr. Duval has raised in his Statement of Questions were not considered by the DRB in the first instance due to inadequate evidence. The Court received representations that such evidence would be forthcoming in our present action. While such evidence has yet to be produced, based on its description we conclude that the Town should review it in the first instance for compliance with the applicable regulations.

The Town requests that Mr. Duval submit to the DRB evidence of either a Wastewater System & Potable Water Supply Permit or a wastewater design plan stamped by a professional engineer. It requests that this Court order submittal of such evidence within 60 days of the date of this remand decision, with the risk of dismissal for failure to prosecute his application and appeal if he does not abide by this deadline. See V.R.C.P. 41(b)(2) (authorizing dismissal for

---

[1] The list requested information regarding issues of site circulation and site plans, including identification of areas of steep and very steep slope, erosion control techniques for both during and after construction, stormwater management techniques and design both during and after construction, a septic system depiction, identification of the footprint of the proposed buildings on the site plan with boundaries of each dwelling unit, landscaping and screening techniques with locations depicted on the site plan, the building's massing, a traffic impact assessment, information on the adequacy of the water supply, a project phasing plan, and any waivers of variances requested. See Town Ex. A. The ZA also requested additional information if home occupations were proposed.

failure to prosecute). Given the factual and procedural history of this matter, we conclude that such a requirement is reasonable.

We therefore **GRANT** the Town's motion for remand and **REMAND** this matter back to the DRB for further review of the wastewater system design as it relates to conditional use standards. Mr. Duval shall submit the requested evidence within 60 days or risk dismissal of his application and appeal for a failure to prosecute. All other unrelated matters in this docket are stayed pending the conclusion of the DRB's actions on remand.

This concludes the matter before the Court. A Judgment Order accompanies this decision.

So ordered.

Electronically signed on May 21, 2019 at 08:53 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Peter K. Duval
Joseph S. McLean (ERN 2100), Attorney for Cross Appellant Town of Underhill
Interested Person John McNamara
Interested Person Catherine McNamara
Interested Person Steve Codding
Interested Person Dianne Terry
Interested Person John Koier
Interested Person Barbie Koier
Interested Person Nancy Hall
Interested Person John Hall
Interested Person Susan May
Interested Person Thomas May
Interested Person John Hardacre
Interested Person Marilyn Hardacre
Interested Person David Demuynck
Interested Person Cathy Leathersich
Eric G. Derry (ERN 5528), Attorney for party 3 Co-counsel