# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 126-10-19 Vtec

| Duval CU Denial |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Conditional Use (126-10-19 Vtec)
Count 2, Municipal DRB Conditional Use (126-10-19 Vtec)

Title:        Motion Revised Motion to Reopen (Motion 4)
Filer:        Peter K. Duval
Attorney:    Pro Se
Filed Date:   February 3, 2020

No response filed

**The motion is DENIED.**

This decision addresses Applicant-Appellant Peter Duval's (Applicant) motion to reopen Docket No. 93-8-18 Vtec. and merge it with No. 126-10-19 Vtec., pursuant to V.R.C.P. 60(b) and V.R.E.C.P. 2(b). The Town of Underhill (Town) does not object to coordination, pursuant to V.R.E.C.P. 2(b).

Town is represented by Joseph S. Mclean, Esq. Applicant is self-represented.

Important to our present analysis of the pending motion is the factual background of this matter. The prior appeal, No. 93-9-18 Vtec. concerns an appeal of a conditional use permit denial by the Town of Underhill Development Review Board (DRB) which sought to convert a single-family home with an attached accessory dwelling into a 4-unit multi-dwelling at 25 Pine Ridge Toad in Underhill, Vermont. Duval CU Denial, 93-8-18 Vtec slip op. at 2 (Vt. Super. Ct. Envtl. Div. May 21, 2019) (Walsh, J.). This Court remanded the prior appeal to the DRB for further review of the wastewater system design and issued a Judgment Order that concluded the matter. Id.; V.R.E.C.P. 5(j).

The present appeal before this Court concerns the same property and permit, having now undergone a conditional use analysis for the wastewater system design before the DRB. The DRB concluded Applicant failed to satisfy Art. III §3.13 and Art. V §5.3.B.6 the 2014 Underhill Unified Land Use & Development Regulations and noted that Applicant's original application was incomplete "as the Applicant failed to submit information requested in the Board's February 15, 2018 memorandum." Duval CU Denial, Conditional Use Review Findings & Decision at 11–12 (Town of Underhill Dev. Review Bd. Sept. 27, 2019). Applicant appealed the DRB's denial and now seeks to reopen and coordinate the present appeal with the prior concluded matter in the interest of efficiency.

This Court has discretion to coordinate appeals "where the same violation or project involves multiple proceedings that have resulted or may result in separate hearings or appeals in the Environmental Court, or where different violations or projects involve significant common issues of law or fact."[1]  V.R.E.C.P. 2(b)(stating coordination "promote[s] expeditious and fair proceedings and avoid[s] unnecessary delay"; see also 10 V.S.A. § 8504(g) ("The Environmental Division may consolidate or coordinate different appeals where those appeals all relate to the same project.").  When this Court has issued a final judgment concluding a separate matter, as we have here, an appeal can no longer be coordinated.  The Court may, however, grant relief from a judgment upon a motion to reopen and then coordinate the appeals.

In such instances, a Rule 60(b) motion to reopen is the proper procedural mechanism.  The Court is permitted to reopen a judgment in a variety of situations including mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or for "any other reason justifying relief from the operation of the judgment."  V.R.C.P. 60(b); see also Pella Products, Inc. v. Krutak, 150 Vt. 81, 83 (1988) (noting that Rule 60(b) is solely within the discretion of the Court).

Here, Applicant states reopening serves the interest of efficiency.  While this Court has discretion to reopen, we see no reason here to justify such an action.  The prior appeal was remanded to the DRB because Applicant had failed to submit a wastewater system design plan and sufficient factual evidence demonstrating the ability to attain a wastewater system & potable water supply permit.  Duval CU Denial, 93-8-18 Vtec at 1–2 (May 21, 2019).  When a DRB is not afforded the full opportunity to evaluate Applicants' proposal, remand is appropriate.  In re Maple Tree Place, 156 Vt. 494, 500 (1991); Timberlake Assocs. v. City of Winooski, 170 Vt. 643, 644 (2000) (mem.).  Applicant presents no evidence of mistake, inadvertence, excusable neglect, new evidence, or fraud in the prior action.[2]  We therefore **DENY** Applicants' motion to V.R.C.P. 60(b) reopen.

So ordered.

Electronically signed on June 30, 2020 at 10:35 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Peter K. Duval
Interested Person John Koier

---

[1] This rule gives the Court a "flexible case management tool," allowing us to coordinate the conferences and hearings for multiple appeals concerning the same project. Reporter's Notes, V.R.E.C.P. 2.

[2] The Town notes that it has a pending motion for summary judgment in No. 98-8-18 Vtec.  This is incorrect.  The Town filed a motion for summary judgment on Jan. 2, 2020, after the Judgment Order and Entry Order were issued in No. 98-8-18 Vtec. on May 21, 2019.  We therefore decide the Town's motion in a separate Entry Order under Docket No. 126-10-19 Vtec.

Interested Person Barbara Koier
Interested Person John Hardacre
Interested Person Marilyn Hardacre
Interested Person John McNamara
Interested Person Cathy McNamara
Joseph S. McLean (ERN 2100), Attorney for Cross Appellant Town of Underhill
Interested Person Dianne Terry
Interested Person Steve Codding
Interested Person Nancy Hall
Interested Person John Hall