VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    22-AP-309

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2023

Laura Wilson v. James Gibbons, Jr.*
}   APPEALED FROM:
}
}   Superior Court, Essex Unit,
}   Civil Division
}   CASE NO. 22-ST-01096
    Trial Judge: Thomas J. Devine

In the above-entitled cause, the Clerk will enter:

Defendant appeals the final order against stalking issued against him by the civil division of the superior court.  We affirm.

In October 2022, plaintiff filed a complaint for an order against stalking against defendant.  Plaintiff, who is an attorney, alleged that she represented defendant from July 2021 to September 2022 in a criminal proceeding for domestic assault.  Plaintiff alleged that defendant had been making angry and abusive phone calls to her office, causing plaintiff, her law partner, and her support staff to fear for their safety.  Defendant also sent plaintiff a letter in which he complained about a lost billfold, accused plaintiff of covering up for whoever did it, and demanded that she put $5000 on his account.  The letter concluded, "I have your home address," and listed plaintiff's Essex County address.  Defendant filed a motion to dismiss, arguing that plaintiff had mischaracterized his letter and made false statements in her affidavit.  He appeared to claim that his actions were justified because she had lost his wallet.  The court held a final hearing on October 19, 2022.  Plaintiff attended, but defendant did not.  The court issued a one-year order against stalking that prohibited defendant from contacting plaintiff and ordered him to stay 300 feet away from plaintiff and her home and office.

On appeal, defendant argues that plaintiff violated the Vermont Rules of Professional Conduct by losing his wallet as well as a large sum of cash that she had obtained from police on his behalf for safekeeping.  He asserts that only after calling plaintiff's office multiple times did she compensate him by depositing funds into his prison account.  He claims that he was unable to attend the final hearing because his case manager in the prison did not set up a connection for him.  He argues that the court never ruled on his motion to dismiss.  He claims that plaintiff violated attorney-client privilege and lied on her affidavit in support of the complaint, that his actions did not constitute stalking, and that she only filed the complaint because he had sued her to recover damages for his lost wallet.  Finally, he appears to argue that the Essex Unit of the superior court lacked jurisdiction over plaintiff's complaint because defendant mailed the letter to plaintiff's office in Lyndonville, which is in Caledonia County.

We are unable to review defendant's claims that the evidence did not support the trial court's determination that he stalked plaintiff, that his actions were justified by plaintiff's conduct, or that plaintiff's statements were not credible, because defendant did not order a transcript of the final hearing below. "By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review." V.R.A.P. 10(b)(1). Without the transcript, we are "unable to review the evidence to determine if it supports the trial court's factual findings." Airi v. Nagra, 2017 VT 42, ¶ 5, 205 Vt. 40. Accordingly, we must "assume[] that the trial court's findings are supported by the evidence." Evans v. Cote, 2014 VT 104, ¶ 7, 197 Vt. 523.

It is not clear from the record before us whether the trial court ever addressed defendant's motion to dismiss, which was filed the same day as the final hearing. However, even assuming that the trial court erred by failing to resolve the motion, defendant has not demonstrated that he was prejudiced by the error. The motion to dismiss argued that plaintiff's allegations were false and that defendant's actions were justified. These were essentially factual claims, which are not appropriate for resolution in a motion to dismiss. See 5B C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1356 (3d ed. 2023) (explaining that motion to dismiss for failure to state a claim "is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case"). Defendant failed to appear for the hearing and therefore waived his opportunity to present his side of the story. We therefore decline to disturb the order on this basis. See Sutton v. Purzycki, 2022 VT 56, ¶ 79 n.7 (holding trial court's failure to address argument by plaintiff in its dismissal order, even if error, was harmless because plaintiff's claim was based on faulty premise).

Defendant argues that he was prevented from attending the hearing by the failure of his prison case manager to set up a WebEx connection for him. In essence, he is claiming that he was denied due process. In an abuse-prevention case, "[d]ue process of law . . . requires that defendant receive notice and an opportunity to be heard." State v. Mott, 166 Vt. 188, 192 (1997), overruled in part on other grounds by Hinkson v. Stevens, 2020 VT 69, 213 Vt. 32. The record indicates that defendant was sent notice of the date and time of the hearing, and defendant concedes in his brief that he received the notice. However, defendant did not seek to reopen the hearing or otherwise communicate with the trial court that he had been prevented from attending the hearing by the conduct of prison officials. "Defendant had the responsibility to bring his inability to obtain access to the abuse prevention proceeding to the attention of the family court, and he failed to do so." Mott, 166 Vt. at 194. Accordingly, there is no denial of due process that would justify reversing the order below. See id. at 193 (denying defendant's claim that court violated due process by issuing abuse prevention order after defendant, who was incarcerated, failed to attend hearing, where defendant did not challenge order until he violated it and record lacked evidence that defendant would have attended if offered transport to hearing); Pella Products, Inc. v. Krutak, 150 Vt. 81, 82-83 (1988) (rejecting party's due-process challenge based on inability to hear proceedings in trial court where he never advised trial judge that he was unable to hear).

Finally, defendant appears to argue that plaintiff filed her complaint in the wrong county. Defendant did not preserve this claim for our review by raising it below. Peachey v. Peachey, 2021 VT 78, ¶ 13, 215 Vt. 570 ("To properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." (quotation omitted)); see also V.R.C.P. 12(h) (providing that defense of improper

2

venue is waived if not raised in motion to dismiss). Even if he had, the claim lacks merit, as the anti-stalking statute provides that "[p]roceedings under this chapter may be commenced in the county in which the plaintiff resides." 12 V.S.A. § 5132(b).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice